**Miguel Angel Gutierrez RODRIGUEZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73604.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 29, 2009.

Miguel Angel Gutierrez Rodriguez, N. Hollywood, CA, pro se.

Haydee Cruz Campos, N. Hollywood, CA, pro se.

Jonathan Aaron Robbins, Esquire, Trial, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings and to reconsider its prior decision dismissing petitioners' appeal.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review the BIA's ruling on a motion to reopen and to reconsider for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

Similarly, an alien who is subject to a final order of removal is limited to filing one motion to reconsider a prior decision that the alien is removable from the United States, and that motion must be filed within 30 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(6)(A), (B); 8 C.F.R. § 1003.2(b)(2).

■ Because petitioners' second motion to reopen and to reconsider was filed beyond the deadlines, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen and to reconsider. *See id.*

Accordingly, respondent's unopposed motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ We lack jurisdiction to review the BIA's decision declining to exercise its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, we dismiss this petition for review in part for lack of jurisdiction.

* Mark Filip, as Acting Attorney General, is substituted for his predecessor pursuant to Fed.

The motion to proceed in forma pauperis is granted. The motion for a stay of removal pending review is denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**